# IN THE MATTER OF THE ESTATE OF MARIA C. DE MELLO, DECEASED.

## No. 1016.

### PETITION FOR WRIT OF CERTIORARI.

SUBMITTED APRIL 23, 1917.                    DECIDED APRIL 26, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

CERTIORARI—*pleading and practice.*

Where, before a writ of certiorari to review an alleged invalid order made by a circuit judge at chambers was issued, the order complained of had been set aside and substituted by another order entered by the circuit judge of his own motion, and the record sent up does not show that the petitioner had notice of the substitution before he applied for the writ but does show that the second order is open to the same objection as the first, the supreme court will not dismiss the writ or require an amendment to the petition or writ, but will dispose of the matter on its merits.

COURTS—*jurisdiction—probate order.*

A circuit judge sitting at chambers in a proceeding in probate has no authority to make an order directing a trustee to render an accounting or pay money into court.

OPINION OF THE COURT BY ROBERTSON, C.J.

In a petition for a writ of certiorari to be directed to Hon. J. W. Thompson, judge of the circuit court of the third judicial circuit, to send to this court the record in the Matter of the Estate of Maria C. de Mello, deceased, to the end that the validity of a certain order made and entered in said cause on the 21st day of February, 1917, might be reviewed, the petitioner, John de Mello, junior, represented, in substance, as follows: That on or about the 19th day of August, 1912, John de Mello, senior, was appointed administrator of the estate of Maria de Mello, deceased, by the

circuit judge of the third circuit, sitting at chambers in probate; that on the 14th day of September, 1916, the administrator filed his final accounts; that the same were referred to a master and a report thereon was subsequently made, and a hearing thereon was had on January 17, 1917; that on February 21, 1917, the circuit judge made the order complained of as follows: "It is, therefore, the order of the court that John de Mello, junior, the alleged trustee of the above mentioned estate, within the period of thirty days from this date, make a complete accounting under oath to this court for any and all moneys received and paid out by him as such alleged trustee, filing all vouchers that he may have, and that he pay into the hands of the clerk of this court all moneys now in his hands belonging to the aforesaid estate of Maria C. de Mello, deceased;" that the circuit judge had no jurisdiction to make, render or enter said order; and that the petitioner has no appeal from said order, nor any plain, speedy or adequate remedy other than by a writ of certiorari. Upon that petition a writ issued from this court on March 27, 1917. In response to the writ so much of the record as relates to the order in question has been sent up. The record shows that the order was prefaced by certain recitals to the effect that whereas, upon the hearing had upon the administrator's petition for the allowance of his final accounts and discharge certain controversies had arisen between the administrator and certain of the heirs of the decedent, and that in order to settle those controversies certain alleged stipulations were entered into between the parties, and that an attempt was made by some of the heirs to appoint John de Mello, junior, trustee to manage the real estate belonging to the estate, and that the court cannot, for certain stated reasons, recognize the said stipulations or the alleged trust and trusteeship. Therefore the order was entered as above set forth. The record further shows that on March 19,

1917, the circuit judge, of his own motion, vacated and set aside the said order and entered a new order which recited, *inter alia*, that "whereas, it appearing that John de Mello, Jr., was appointed to act, without giving bond, as trustee of the Estate of Maria C. de Mello, deceased, by the heirs at law, with the exception of the concurrence of the children of the said Mrs. Carrie Mereira, also deceased, some of whom are minors, and who were not represented in the aforesaid appointment of John de Mello, Jr., as trustee as aforesaid," and ordered that "the alleged trustee of the above mentioned estate, within the period of thirty days from this date, make a complete accounting under oath to this court for any and all moneys received and paid out by him as such trustee, filing all vouchers that he may have, and that he pay into the hands of the clerk of this court such a sum of money as the minor heirs of his deceased sister, Mrs. Carrie Mereira, are entitled to." The order contained also certain provisions relating to the accounts of the administrator. Both of the orders were entitled "At Chambers. In Probate. In the Matter of the Estate of Maria C. de Mello, deceased." The record does not show that John de Mello, junior, or his counsel, were given notice of the revocation of the order of February 21, or of the entry of the order of March 19. It will be observed that the latter order was to the same effect as the former except that the latter required the trustee to pay to the clerk of the court only such money as the minor children of Carrie Mereira are entitled to. Counsel for the petitioner were asked to submit a brief on the points whether, in view of the fact that the order sought to be reviewed had been set aside before the writ issued from this court, the writ should be dismissed, and whether the petition might be amended. We are of the opinion that as the record of the lower court is now here before us, and that it does not appear therefrom that at the time the petition for the writ was filed counsel

were aware that the order complained of had been set aside, and as it does show that the ground of objection to the first order applies equally to the substituted order, nothing would be gained by the filing of a new or amended petition or the issuance of a new writ, we may well dispose of the matter under the writ which was issued and the return thereto.

It is clear that the circuit judge, sitting in probate, had no jurisdiction to make either of the orders whereby the present petitioner was directed to account to the court as a trustee. In the case of *Colburn* v. *Whitney, antè* p. 32, we said (p. 35) that "it must be regarded as definitely settled that a circuit judge sitting in a proceeding essentially 'probate' in character has no authority to appoint a trustee or to compel a trustee, as distinguished from an executor or administrator, to account." If John de Mello, junior, as trustee or otherwise, has money in his hands belonging to the minor children referred to their guardian would be the proper person to demand and receive or recover it, but he could not be compelled to pay the money into court by an order made in a probate proceeding such as we have under review here. The order of March 19, 1917, was void to the extent that it directed John de Mello, junior, to make an accounting.

The cause is remanded to the circuit judge with instructions to set aside that order in so far as it applies to the petitioner herein.

*Lightfoot & Lightfoot* for petitioner.